UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ADLER and CODY URQUHART, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VOLUME SERVICES, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-01939-AJB-BJW<br><br>**ORDER DENYING JOINT MOTION TO STAY CASE PENDING MEDIATION**<br><br>**(Doc. No. 19)** |

　　　Before the Court is the parties' joint motion to stay the instant action pending mediation. (Doc. No. 19.) The parties state that they "are exploring settlement options that could resolve this matter in its entirety and have scheduled a mediation with mediator David Phillips, Esq. on March 25, 2026 [(the "Mediation")]." (*Id.* at 2.) As such, the parties "contend this stay will allow them to focus their efforts on mediation rather than formal discovery and litigation, which will conserve the Parties' and judicial resources and lead to a higher likelihood of a successful mediation." (*Id.*)

　　　Plaintiffs filed the complaint on June 26, 2025, in state court, and Defendants removed the action on July 30, 2025, concurrently filing an answer. (*See* Doc. No. 1.) Magistrate Judge David D. Leshner issued an Order setting an Early Neutral Evaluation

Conference ("ENE") for September 26, 2025. (Doc. No. 5.) In response, the parties sought to continue the ENE until after the Mediation, in effect asking the Court to stay the case at that juncture. (*See* Doc. No. 9.) Judge Leshner denied the motion for lack of good cause. (Doc. No. 10.) The parties attended the ENE on September 26, 2025, but did not reach settlement at that time. (Doc. No. 15.) The Court then issued a Scheduling Order. (*See* Doc. Nos. 17; 18.)

Mediation, unlike arbitration, is a non-binding method of dispute resolution that seeks to help litigants voluntarily reach their own agreement. *See, e.g.*, *Jeld-Wen, Inc. v. Superior Ct.*, 146 Cal. App. 4th 536, 540 (2007). There is no guarantee—despite the parties' good intentions—that this action will be resolved by the Mediation. In the interim, this action will languish on the Court's docket, discovery may grow stale, and the interests of justice and efficiency will be undermined. In fact, if the parties fail to settle at the Mediation, this action will be nearly a year old with discovery just commencing. As such, a nearly fourth-month stay is not warranted under the circumstances presented by the parties. It is time to fish or cut bait.

Accordingly, the Court **DENIES without prejudice** the parties' joint motion. The Scheduling Order issued by Magistrate Judge Brian J. White (*see* Doc. Nos. 17; 18) remains in full effect.[1] The parties are welcome to contact the chambers of Judge White to request a voluntary settlement conference at any time while the case progresses through discovery. *See* J. White Chambers R. § III.d.

**IT IS SO ORDERED.**

Dated: December 3, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The parties are cautioned that any requests to amend the Scheduling Order must comply with all applicable Civil Local and Chambers Rules regarding timeliness and substance. *See, e.g.*, J. White Chambers R. § V (setting forth requirements for amendments to scheduling order deadlines).